**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO MISAEL MELCHOR REYES, SARAHI DIAZ GARCIA, D. D. M. D., D. A. M. D., and A. M. M. D.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-3111<br><br>Agency Nos.<br>A215-818-698<br>A215-818-699<br>A215-818-700<br>A215-818-701<br>A215-818-702<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025[**]
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER,[***] District Judge.

Armando Melchor Reyes ("Melchor Reyes"), a native and citizen of Mexico,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal of an order by an Immigration Judge ("IJ") denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. We review the factual findings underlying the BIA's determination for substantial evidence and questions of law *de novo*. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

2. The BIA affirmed the denial of Melchor Reyes' application for asylum and withholding of removal under the INA because Melchor Reyes' proposed Particular Social Group ("PSG"), "Mexican business owners threatened and persecuted by organized crime members placing the business owners and the members of his family in imminent danger," lacks immutability and lacks social distinction. The BIA also noted that, by failing to challenge the IJ's finding that his PSG was impermissibly circular, Melchor Reyes waived any challenge to that determination. Because the BIA agreed that Melchor Reyes' proposed PSG was not cognizable for these reasons, it did not need to reach the issue of whether the harm he suffered reached the level of persecution. The BIA affirmed the IJ's denial of Melchor Reyes' request for protection under CAT because it agreed that Melchor Reyes had not established that

it was more likely than not that he would be tortured by, or at the instigation of, or with the consent or acquiescence of a public official or person acting in an official capacity, and that the evidence demonstrated that the Mexican government would affirmatively act to intervene on Melchor Reyes' behalf.

3. In his Opening Brief, Melchor Reyes, who is represented by counsel, does not address or challenge the BIA's determination that his proposed PSG lacks social distinction, which is required to establish a cognizable PSG, *see*, *e.g.*, *Diaz-Torres v. Barr*, 963 F.3d 976, 978 (9th Cir. 2020), or that he waived his opposition to the IJ's finding that his proposed PSG was impermissibly circular by not challenging it before the BIA. Nor does he challenge the determinations that the harm he suffered did not rise to the level of torture,[1] or that the evidence showed that the Mexican government

---

[1] Melchor Reyes erroneously states that the BIA

> held that Petitioner did not demonstrate that it is more likely than not that he would face persecution by or at the instigation of or with the consent or acquiescence of a public official or someone acting in an official capacity. The Board declined to disturb the IJ's finding that the harm experienced by Petitioner did not rise to the level of persecution required under the law.

To the contrary, the BIA expressly declined to reach the IJ's finding that Melchor Reyes' past harm did not rise to the level of persecution, and it instead affirmed the IJ's determination that Melchor Reyes did not establish that it was more likely than not that he would be tortured by, or at the instigation of, or with the consent or acquiescence of a public official or someone acting in an official capacity.

would intervene on his behalf, which forecloses his CAT claim. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Instead, he addresses only the immutability finding[2] and the issue of whether the harm he suffered constitutes persecution, the latter of which the BIA expressly declined to reach. Because Melchor Reyes has not raised or challenged these findings, he has waived these dispositive issues. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that a party waives an issue by failing to meaningfully discuss the issue in the opening brief). The court therefore denies Melchor Reyes' petition for review.

**PETITION DENIED**.[3]

---

[2] Melchor Reyes asserts that Mexican business ownership is an immutable characteristic because his welding business is fundamental to his identity and important to him and his family. However, substantial evidence supports the BIA's determination that being a business owner is not an immutable characteristic. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021) (concluding that "being a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity") (citations omitted)).

[3] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.